IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert David Smith, Jr., #0495, a/k/a Robert Davis Smith, Jr.,<br><br>                    Plaintiff,<br><br>vs.<br><br>Tim Conroy, Detective,<br><br>                    Defendant. | C/A No. 6:15-2866-MGL-JDA<br><br>**REPORT AND RECOMMENDATION** |

Robert David Smith, Jr. ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983. Plaintiff is currently detained in the Greenville County Detention Center ("GCDC"), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## BACKGROUND

Plaintiff alleges the following pertinent facts. On June 17, 2013, an incident occurred at the Regal Inn involving a sexual assault on a female. [Doc. 1 at 1.] Plaintiff was in the hotel room with the female on that date, but he did not sexually assault her. [Doc. 1-2 at 3–5.] There is no medical evidence that the female was sexually assaulted. [*Id.*] Also, after Plaintiff and his back pack were searched, no evidence was found that links him to the crime. [*Id.*] Detective Tim Conroy ("Conroy") with the Greenville Police Department investigated the crime. [*Id.*] Conroy arrested Plaintiff for criminal sexual conduct, first degree, and took him to the GCDC. [Doc. 1; Doc. 1-2.] Plaintiff is innocent. [Doc. 1 at 2.] Plaintiff's proposed service documents indicate that he has an attorney, Randy Chambers, representing him in the state criminal proceedings.

Based on those facts, Plaintiff alleges his constitutional rights have been violated by false arrest and false imprisonment. [Doc. 1; Doc. 1-2.] He also alleges intentional infliction of emotional distress and assault and battery. [Doc. 1-2 at 6.] Plaintiff seeks damages and for this Court to order that the charges against him to be dropped. [Doc. 1; Doc. 1-2.]

This Court takes judicial notice that Plaintiff has a pending charge of criminal sexual conduct, first degree, in addition to other charges, in the Greenville County Court of General Sessions.[1]  *See* Greenville County 13th Judicial Circuit Public Index, http://www.greenvillecounty.org/SCJD/PublicIndex/PIError.aspx, (enter "Robert D. Smith" and "search," click on "2013A2320601632" click on "Charges") (last visited Aug. 27, 2015); *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). From those on-line records, it appears that Plaintiff was arrested on June 18, 2013, and the indictment was true billed on April 22, 2014. It also appears that Plaintiff's attorney is R. Chambers, and the officer involved is T.M. Conroy.

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action

---

[1] The on-line record states that the defendant's name is Robert Davis Smith, Jr. The Greenville County Detention Center website refers to Plaintiff as Robert David Smith. This Court believes that these references are to the same person.

2

pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore

a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

As an initial matter, this Court notes that Plaintiff filed a previous § 1983 action against Mellissa Fortner, the alleged female crime victim, and he requested that the pending state criminal charges against him be dropped. *See* Report and Recommendation, *Smith v. Fortner*, C/A No. 6:14-4856-MGL-JDA (D.S.C. Jan. 15, 2015), ECF No. 9, *adopted by*, Order, ECF No. 13. This Court ruled that to the extent Plaintiff sought to enjoin the pending state criminal proceedings against him, this Court should abstain from hearing that action. *Id.* Although Plaintiff now brings this § 1983 action against a different defendant, the same legal principle applies. For the same reasons explained in *Smith v. Fortner*, this action is subject to dismissal because Plaintiff seeks to have pending state criminal charges against him dismissed. *Id.* And, pursuant to *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), this Court should abstain. *See also Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) (explaining the circumstances when *Younger* abstention is appropriate).

Additionally, Plaintiff brings suit against Conroy for damages. The Complaint appears to be filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured

by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff alleges that Conroy falsely arrested and falsely imprisoned him, liberally construed, in violation of the Fourth Amendment. *See Wallace v.* Kato, 549 U.S. 384 (2007); *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012). To the extent Plaintiff may intend to bring a malicious prosecution claim under the Fourth Amendment, he has not alleged the element that the state criminal charges against him have been resolved in his favor so a malicious prosecution claim appears to be premature. Also, Plaintiff fails to state a cognizable claim for false arrest because a grand jury indictment is affirmative evidence of probable cause sufficient to defeat such a claim, and Plaintiff was indicted on April 22, 2014. *See Gatter v. Zappile,* 67 F. Supp. 2d 515, 519 (E.D. Pa. 1999) (collecting cases holding that a grand jury indictment is affirmative evidence of probable cause), *aff'd*, 225 F.3d 648 (3rd Cir. 2000).

Lastly, to the extent Plaintiff seeks to bring state law claims of intentional infliction of emotional distress and assault and battery, Plaintiff may do so under the diversity statute, 28 U.S.C. § 1332, if that statute's requirements are satisfied. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). With the exception of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See id.*; 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Central West Virginia Energy Co.*, 636 F.3d at 103. Plaintiff's allegations indicate that he and Conroy are

considered to be domiciled in South Carolina; thus, complete diversity is lacking. Accordingly, this Court has no diversity jurisdiction over this action.

## **RECOMMENDATION**

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

August 28, 2015                                         s/Jacquelyn D. Austin
Greenville, South Carolina                       United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).